### Glick, et al. v. Conrad.

(Decided November 30, 1926.)

#### Appeal from Kenton Circuit Court.

Wills—Under Will Giving Devisees an Estate in Land, with Full Power to Sell and Use Proceeds, They could Make Valid Sale.— Under will giving devisees an estate in land, with full power to sell and use proceeds during their lifetime, devisees could make valid sale and vest purchaser with marketable title; purchaser not being required to look to application of purchase money.

CHAS. EUGENE CLARK for appellants.

CHAS. S. FURBER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Jerry C. Conrad and his wife, Mollie E. Conrad, were the joint owners of certain real estate in Coving-

ton.   Jerry also owned other real estate in Kenton county.   After his death Mollie E. and Mary Conrad contracted to convey the Covington property to Wilmer W. and Marietta Glick.   The purchaser being in doubt as to whether the vendors could make a good and marketable title to the one-half interest formerly owned by Jerry, brought this suit under the Declaratory Judgment Act to construe the will of Jerry C. Conrad, and to determine the above question.   The will reads:

"Jerry C. Conrad, of the county of Boone and state of Kentucky, being of sound mind to make and publish this my last will and testament as follows, to-wit: It is my will that all just debts *be* and funeral expenses & doctor bills be paid.   I hereby further will my *be* bequest to my wife Mollie E. Conrad and Mary B. Conrad all of my estate and personal property to them Mollie E. Conrad is to have the house on the Dixie with 4 a more or less and If she see fit sell it and buy and rent which she see fit these lots sell them but do not give away & divide the money between yourselves and sell the property in Covington and divide the money equal and do not let Mary suffer for anything and you Mollie for anything as long as the money lasts and if Mary B. Conrad marries what she must take care of it in her own name and after *deth* it is to go to *he* heirs and if *non* it is to go to the blind institution but if Mollie E. Conrad shall outlive Mary B. Conrad it is to go to Mollie E. Conrad and Mary B. Conrad outlives Mollie E. Conrad it is to go to Mary B. Conrad and her heirs if she married and have children and if *non* it is to go to the blind *instution* of Kentucky but none of my property goes to anyone until their death and no heirs left. *t*hey can make a will if they any property left But not to their peoples or relatives nor any of mine.

"Sell the three lots on Goodridge drive and divide the money equal and the surplus & use it as you like and dont let one another suffer as long as the surplus last.

"I hereby appoint my wife Mollie E. Conrad and my daughter Mary B. Conrad executor. of my will and testaments without *bound* whereof I have hereto set my hand this 26th day of May, 1924."

The will indicates that it was prepared by a feeble, infirm and illiterate person, doubtless by the testator himself, though properly attested. While most of it is in one long, rambling sentence and the phraseology is somewhat confusing it is susceptible of a fair construction. Upon the issues here presented it is not necessary to determine whether the wife and daughter took a fee simple estate under the will, nor what right, if any, is given the contingent remaindermen. It is clear that the testator did give the first devisees an estate in the land, with full power to sell and to use the proceeds thereof during their lifetime, and the purchaser is not required to look to the application of the purchase money, hence it is clear that in any event they can make a valid sale, and their deed will vest the purchaser with a good and marketable title.

It follows that the chancellor properly adjudged the appellants bound under their contract to take the property upon the appellants' executing and delivering to them a general warranty deed.

Wherefore, the judgment is affirmed.